## TEXAS CREDIT CO. v. O'FARRELL et al.
### No. 11564.

Court of Civil Appeals of Texas. Galveston.
Jan. 20, 1944.

Price, Smallwood & Wheat and Cedric Taylor, all of Houston (Cedric Taylor, of Houston, of counsel), for appellant.

Bailey & Blum, of Houston (Ben Blum, of Houston, of counsel), for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 11th District Court of Harris County deny-

ing the appellant any recovery upon any one of five promissory notes he sued upon against the appellees, entered, as affected appellee O'Farrell, on an instructed verdict in his favor on the ground that appellant had failed to prove his averment that O'Farrell had orally promised to pay all the obligations after they had been discharged by the United States District Court in bankruptcy, and, as affected the other appellees, upon a jury's several findings in response to special issues of fact concerning each of them, respectively.

The notes were all payable to appellant in his trade-name, and were those of the principal obligor, Otis O'Farrell, joined as to each one of them by one or more of the other appellees—that is, W. H. Smith, T. O. Boswell, H. L. Elkins, and William M. Kelley—as co-makers, two being for $500 each, bearing respective dates of June 5 and October 18 of 1940, two for $100 each, dated March 15 and October 18, 1940, respectively, and the remaining one for $250, of date October 20, 1939.

Appellant did not on the trial except to the court's peremptory instruction in favor of the appellee O'Farrell, nor has he there or here been shown to have challenged the sufficiency of the evidence to sustain the stated findings in favor of the other appellees upon the facts.

On the contrary, the cause is presented to this court for review upon an agreed statement of facts, made as in compliance with Rule 378, Vernon's Texas Rules of Civil Procedure, in which the parties, after stipulating that the appellant filed the suit below under Rule 40 of such Civil Procedure, offer, in substance, these express agreements touching the above-described notes so sued upon, to-wit:

"VI. * * * that the two notes of $500.00 each and above set out constituted one and the same obligation; that the finding of the jury and judgment of the Court, that the $500.00 notes were given in lieu of all other notes and the execution of the $500.00 notes by the parties who executed same; namely, Otis O'Farrell, Wesley H. Smith and H. L. Elkins, was done by them with the expressed agreement and understanding that they were to be received and accepted by the plaintiff in lieu of the other obligations and that these findings of fact in the verdict of the jury and the judgment of the Court were amply supported by the evidence and pleadings and that they are conclusive and no appeal is taken therefrom.

"VII. It is further understood and agreed that all the notes above described grew out of the same transaction; that plaintiff's original suit was a suit against Otis O'Farrell on all four notes, joining in the action four co-makers on Otis O'Farrell's obligations; that Otis O'Farrell was jointly and severally liable for all of the obligations sued on by plaintiff, which grew out of the same transaction.

"VIII. It is further agreed between the parties that the judgment entered in this cause by the Judge of the 11th Judicial District Court of Harris County, Texas, was a correct judgment as far as the evidence, pleadings, and proof shown at the time of the trial of said cause, save and except it is not admitted and agreed by the plaintiff that the 11th Judicial District Court had jurisdiction to render judgment on the $250.00 note; or the two $100.00 notes, though the $500.00 note was given in lieu of them."

They then set out—in his verbis—as their conception of what this record presents to this court for review, this:

"IX. It is agreed by the parties hereto that the sole question for review by the Court of Civil Appeals is the issue of law in the construction of Rule 4, of the Texas Rules of Civil Procedure, and other legal reasons why the 11th Judicial District Court of Harris County, Texas, would or would not have jurisdiction of the cause of action to render judgment therein on the note for $250.00 and two $100.00 notes, described above.

"X. We agree to submit this cause for review on this statement of Facts, as provided for under the provisions of Rule 378 of the Texas Rules of Civil Procedure, and as an agreed case, on the sole and only question as to the jurisdiction of the 11th Judicial District Court, of Harris County, Texas, to render judgment in this cause on the notes above described."

This court is unable to accept the agreed tender as constituting what alone is thus presented for review; concluding, rather, that no proper predicate has been laid—in the given state of the record—either for the determination of a question of the jurisdiction of the trial court to render judgment "on the note for $250 and the

two $100 notes", or as to the constitutionality of Rule 40, Texas Rules of Civil Procedure.

As it reads the record, appellant has not only shown by the record what his quoted stipulation under its paragraph VI in effect recites, that the trial court had jurisdiction to try out the facts underlying the relationships between the parties as to these five notes in suit, but also that the uncontested findings of the jury that they had all been paid, emancipated all the makers thereof, and rendered the trial court's judgment the only proper one that could have been rendered on the pleadings and evidence.

It will be noted that appellant misinterprets the trial court's disposition as to the one $250 note and the two $100 notes, in that the question with reference thereto raised by the pleadings and evidence was not one of jurisdiction as to whether the court could enter judgment upon them apart from the two $500 notes, but simply whether or not they constituted a part of the same obligation the $500 notes evidenced—that was all.

Appellant's points for reversal undertake to raise no other questions than, (1) that the court had no jurisdiction to "render judgment on" the $250 and the two $100 notes, because the aggregate was insufficient in amount; and (2) that Rule 40 of Texas Rules of Civil Procedure, under which the court rendered its judgment, was unconstitutional, because it "varied, altered, changed, or abrogated the jurisdictional provisions of the constitution."

This court respectfully declines to thus needlessly, in its view, go in the face of subsequent Rules 815 and 816, Vernon's Texas Rules of Civil Procedure, by giving Rule 40 such a construction as appellant asserted it should have, concluding, rather, that this record does not raise for decision here any question of whether or not that rule constituted any departure from the Supreme Court's power to establish rules of procedure, pursuant to Section 25, Article 5, of the Texas Constitution, Amendment of 1891, Vernon's Ann.St.

If the court so had jurisdiction over the parties and the subject matter at the beginning of the trial, as it undoubtedly did, then it retained that power over them to the point of determining the issue—properly raised under both the pleadings and evidence—whether this set of smaller notes did or did not add anything to the obligations already extant in the two $500 notes; wherefore, its concluding, on evidence appellant does not contend was insufficient, that they not only served no such purpose but had been paid anyway, would seem to have determined adversely to him his sole legal grievance.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.